UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
SHELLEY TANNER,                          :   No. 25-cv-2869
                                         :
                        Plaintiff,       :   NOTICE OF REMOVAL
                                         :
           v.                            :
                                         :
KLAUS OBERMEYER,                         :
                                         :
                        Defendant.       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Klaus Obermeyer ("Defendant") hereby removes this action from the Supreme Court of the State of New York, New York County, to the United States District Court for the Southern District of New York. As grounds for removal, Defendant states as follows:

**STATE COURT ACTION**

1. On February 28, 2025, Plaintiff Shelley Tanner ("Plaintiff") commenced an action in the Supreme Court of the State of New York, New York County, titled *Tanner v. Obermeyer*, Index No. 152624/2025 (the "Action") by filing a summons with notice (the "Summons"). Copies of all process, pleadings, and orders served upon Defendant in the Action comprised of the following: (1) Summons, (2) Waiver Of Service Of Summons With Notice, (3) Demand for Service of Complaint, and (4) Plaintiff's complaint (the "Complaint") are attached as Exhibit A. *See* 28 U.S.C. § 1446(a).

2. On March 11, 2025, Defendant waived formal service of the Summons. *See* Exhibit A.

3. On March 14, 2025, Defendant filed a demand for Plaintiff's Complaint. *See* Exhibit A.

4. On April 3, 2025, Plaintiff filed her Complaint. *See* Exhibit A.

5. A copy of the docket in the Action is attached as Exhibit B.

6. To date, no orders have been served upon Defendant in the Action. 28 U.S.C. § 1446(a).

7. This Notice of Removal is being filed within thirty days after Defendant waived service of the Summons. *See* 28 U.S.C. § 1446(b); Fed. R. Civ. P. 6(a)(1).

## BASIS FOR REMOVAL

8. Removal is proper because this Court has original jurisdiction over this action. There is complete diversity of citizenship among the parties, and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs. *See* 28 U.S.C. §§ 1332(a), 1441(a)-(b).

9. Venue is proper in this district because the Southern District of New York includes New York County, where the Action was filed.

## DIVERSITY OF THE PARTIES

10. Defendant was and is a citizen of Colorado.

11. Plaintiff was and is a citizen of New York. *See* Complaint ¶ 4 ("At all times relevant to this Complaint, Tanner, resided and worked in New York County, New York and currently resides and works in New York County, New York.")

## AMOUNT IN CONTROVERSY

12. To confer subject matter jurisdiction on this Court based on diversity of citizenship, the amount in controversy must exceed the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

13. The Summons asserts that the relief sought by Plaintiff includes "money damages exceeding seventy-five thousand dollars ($75,000.00) to be determined at trial" (at 2). This is deemed to be the amount in controversy. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83-84 (2014) (explaining that "[i]f the plaintiff's complaint, filed in state court,

demands monetary relief of a stated sum, that sum, if asserted in good faith, is 'deemed to be the amount in controversy'") (quoting 28 U.S.C. § 1446(c)(2)).

14. The Complaint purports to assert claims for (1) battery (¶¶ 39-48), (2) intentional infliction of emotional distress (¶¶ 49-54), and (3) gender-motivate violence (¶¶ 55-60).

15. As a purported basis for these claims, the Complaint alleges that Defendant drugged and raped Plaintiff, and further purports to seek "punitive and exemplary" damages. Compl. ¶ 59. While these allegations are false and baseless, their seriousness leaves no basis to question that Plaintiff will be seeking damages in excess of $75,000.

## REMOVAL PROCEDURE

16. Defendant has complied with 28 U.S.C. § 1446(a) by attaching as Exhibit A all process, pleadings, and orders served in the Action.

17. Defendant has complied with 28 U.S.C. § 1446(b) by filing this Notice of Removal within 30 days of the service and receipt of the initial pleading. The Summons was filed on February 28, 2025, and Defendant waived service of the Summons on March 11, 2025.

18. Defendant will comply with 28 U.S.C. § 1446(d) by promptly providing written notice of this Notice of Removal to Defendant and filing a copy of this Notice of Removal with the Clerk of the Supreme Court of New York, New York County.

19. In filing the Notice of Removal, Defendant does not waive any of his defenses including, without limitation, lack of personal jurisdiction.

WHEREFORE, Defendant requests that the Action be removed from the Supreme Court of the State of New York, New York County, to the United States District Court for the Southern District of New York.

Dated: April 7, 2025
    New York, New York

                Respectfully submitted,

                JONATHAN D. DAVIS, P.C.

By:  */s/ Jonathan D. Davis*
      Jonathan D. Davis
      Colin J. Steele
      1 Rockefeller Plaza
      Suite 1712
      New York, New York 10020
      (212) 687-5464

      *Attorneys for Defendant Klaus Obermeyer*