# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF **NEW YORK**
-------------------------------------------------------------------X
SHELLEY TANNER,

       Plaintiff,

  -against-

KLAUS OBERMEYER,

       Defendant.

-------------------------------------------------------------------X

Index No.

**SUMMONS WITH NOTICE**

Plaintiff designates
NEW YORK COUNTY as
the place for trial.

The basis of venue designated:
Place of Occurrence and
Residence of Plaintiff

**TO THE ABOVE-NAMED DEFENDANT:**

  **PLEASE TAKE NOTICE THAT YOU ARE HEREBY SUMMONED** to appear in this action by serving a notice of appearance upon plaintiff's undersigned attorneys within twenty (20) days after service of this Summons with Notice, exclusive of the day of service or within thirty (30) days after service is complete if this Summons with Notice is not personally delivered to you within the State of New York.

  **YOU ARE HEREBY NOTIFIED THAT** should you fail to answer or appear, a judgment will be entered against you by default for the relief demanded below.

Dated: February 28, 2025

       THE BEAR FIRM, P.C.

       /s/ Albert J. Santoro
       By: Albert J. Santoro, Esq.

       45 Rockefeller Plaza, 20th Floor
       New York, NY 10111
       Telephone: (212) 970-1099
       Facsimile: (212) 504-3234
       Email: asantoro@bearfirm.law

       Attorneys for Shelley Tanner

**DEFENDANT**: KLAUS OBERMEYER
235 PUPPY SMITH STREET #130
ASPEN, CO 81612

-and-

c/o ROCKET FILM, LLC
11150 W. OLYMPIC BLVD.,
SUITE 1020
LOS ANGELES, CA 90064

**NOTICE**: The nature of this action is grounded in law and equity and is further authorized, proper, and timely pursuant New York City's Gender-Motivated Violence Protection Act (a.k.a. "GMVA"). It is for personal injury, including, but not limited to, physical, mental, and emotional injury. It is for damages suffered by Plaintiff Shelley Tanner as a result of Defendant Klaus Obermeyer drugging, falsely imprisoning, assaulting, and violently raping Shelley Tanner in Manhattan, New York. It is for conduct and torts committed against Shelley Tanner by Klaus Obermeyer including, but not limited to, rape, assault, battery, false imprisonment, intentional infliction of emotional distress, and related torts. It is for a permanent injunction to permanently enjoin the Defendant Klaus Obermeyer from utilizing, displaying, publishing, sharing, and/or profiting from any photographic, audio and/or video depictions of Klaus Obermeyer's drugging and violent rape of Shelley Tanner.

The relief sought is money damages exceeding seventy-five thousand dollars ($75,000.00) to be determined at trial and a permanent injunction against Defendant Klaus Obermeyer permanently enjoining him from publishing, sharing, viewing, distributing, and/or displaying any and all audio, video and/or photographic images

depicting Defendant, Klaus Obermeyer's drugging and raping of Plaintiff, Shelley Tanner and/or any and all images and/or recordings depicting Shelley Tanner in any way whatsoever.

Should you fail to appear herein, judgment will be entered by default against you for a sum of no less than seventy-five thousand dollars ($ 75,000.00) as determined by trial, with interest and/or attorney fees as permitted by law, and the costs of this action.

**VENUE:** Plaintiff designates New York County as the place of trial. The basis for this designation is: a) Plaintiff resides in New York County; and b) the acts and torts complained of occurred in New York County.

Dated: February 28, 2025
New York, New York

THE BEAR FIRM, P.C.

 /s/ Albert J. Santoro
By: Albert J. Santoro, Esq.

45 Rockefeller Plaza, 20th Floor
New York, NY 10111
Telephone:   (212) 970-1099
Facsimile:   (212) 504-3234
Email:       asantoro@bearfirm.law

Attorneys for Shelley Tanner

Page 3 of 3

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------x
SHELLEY TANNER,

                Plaintiff,           Index No. 152624/2025

     -against-             **WAIVER OF SERVICE OF**
                             **SUMMONS WITH NOTICE**

KLAUS OBERMEYER,

                Defendant.

------------------------------------------------------------------x

To:  The Bear Firm, P.C., Attorneys for the Plaintiff

    I have received your request to waive service of the Summons with Notice, on behalf of Defendant Klaus Obermayer, in the above-captioned action, together with a copy of the Summons with Notice. On behalf of Defendant Obermeyer, I agree to waive formal service of the Summons with Notice.

    Notwithstanding the waiver of service, Defendant Obermeyer shall preserve and keep each and every defense and objection to the action, including, without limitation, personal jurisdiction and venue.

Date: March 11, 2025

                                                               */s/ Jonathan D. Davis*
                                                              Signature of Attorney

KLAUS T. OBERMEYER                            Jonathan D. Davis o/b/o Jonathan D.
                                                                       Davis, P.C.
Printed Name of Party Waiving Service          Printed Name of Attorney

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| SHELLEY TANNER, | : Index No. 152624/2025 |
| Plaintiff, | : **DEMAND FOR** <br> : **SERVICE OF COMPLAINT** |
| -against- | : |
| KLAUS OBERMEYER, | : |
| Defendant. | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**PLEASE TAKE NOTICE,** that Defendant Klaus Obermeyer, Jr. hereby demands, in accordance with CPLR §3012(b), that Plaintiff serve a copy of her complaint upon the undersigned within twenty (20) days after service of this demand upon Plaintiff's counsel at the address designated below. This demand does not constitute an appearance in the above-captioned action by Defendant.

In accordance with CPLR §3012(b), service of this demand extends the time in which Defendant must appear until twenty (20) days after service of the complaint. In the event Plaintiff fails to respond to this demand for the complaint, a motion may be made to dismiss the action.

Dated:   March 14, 2025
         New York, New York

JONATHAN D. DAVIS, P.C.

By: _/s/ Jonathan D. Davis_
    Jonathan D. Davis, Esq.
    1 Rockefeller Plaza
    Suite 1712
    New York, New York 10020
    (212) 687-5464
    *Attorneys for Defendant Klaus Obermeyer*

2

To: Albert J. Santoro, Esq.
The Bear Firm
45 Rockefeller Plaza
New York, New York 10111
*Attorneys for Plaintiff Shelley Tanner*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF **NEW YORK**                              Index No. 152624 / 2025
-------------------------------------------------------------------X
SHELLEY TANNER,

                Plaintiff,                     **COMPLAINT**

      -against-


KLAUS OBERMEYER,

                Defendant.

-------------------------------------------------------------------X

Plaintiff, SHELLEY TANNER, by and through her attorneys, THE BEAR FIRM, P.C., complaining of the Defendant, KLAUS OBERMEYER, respectfully sets forth and alleges as follows:

### PARTIES, JURISDICTION, and VENUE

1. Defendant, KLAUS OBERMEYER, ("Defendant" and "Obermeyer") is an internationally recognized film maker and sexual predator.

2. Plaintiff, SHELLEY TANNER ("Plaintiff" and "Tanner") is an entrepreneur and the Chief Executive Officer of an entity that assists neurodivergent individuals and those with autism secure employment.

3. Tanner is both a victim and a survivor of sexual assault perpetrated against her by Obermeyer.

4. At all times relevant to this Complaint, Tanner, resided and worked in New York County, New York and currently resides and works in New York County, New York.

-1-
THE BEAR FIRM P.C.·45 ROCKEFELLER CENTER·20TH FL·N.Y.·N.Y.·10111    SHELLEY TANNER VS. KLAUS OBERMEYER · INDEX #: 152624 / 2025

1 of 10

-2-

5. Upon information and belief, Obermeyer is currently domiciled in and working in California.

6. The sexual assault referenced above in Paragraph 3 of this Complaint occurred in New York County, New York.

7. This Court has jurisdiction over this matter pursuant to New York Civil Practice Laws and Rules ("CPLR") § 301.

8. Venue in New York County is proper pursuant to CPLR 503(a) because the tortious conduct alleged herein occurred in New York County

## TIMELINESS

9. This action is timely because New York City Administrative Code § 10-1105(a) permits survivors of gender motivated crimes of violence to bring otherwise time-barred civil claims under the Victims of Gender-Motivated Violence Protection Law, New York City Administrative Code § 10-1101 et seq. within a two-year period beginning March 1, 2023 and the instant action was filed on February 28, 2025 and within said two-year period.

## FACTS

10. Plaintiff Tanner first met Defendant Obermeyer in Aspen, Colorado in or about 2001 while she was a server and Obermeyer was a guest of a restaurant where Tanner was employed.

11. Tanner was then re-introduced to Obermeyer by a mutual friend ("Friend") in New York City, New York in or around the end of 2002 or in or around the beginning of 2003.

12. After being reacquainted by Friend, Obermeyer and Tanner attended a party where Tanner consumed alcohol.

THE BEAR FIRM P.C.·45 ROCKEFELLER CENTER·20TH FL·N.Y.·N.Y.·10111    SHELLEY TANNER VS. KLAUS OBERMEYER · INDEX #: 152624 / 2025

2 of 10

FILED: NEW YORK COUNTY CLERK 04/03/2025 09:37 PM
NYSCEF DOC. NO. 4
INDEX NO. 152624/2025
RECEIVED NYSCEF: 04/03/2025
Case 1:25-cv-02869-JPC-JW   Document 1-1   Filed 04/07/25   Page 10 of 17

-3-

13. Subsequent to attending said party, Obermeyer invited Tanner on a horse and carriage ride in Central Park, N.Y., N.Y. which Tanner accepted and participated in.

14. During said horse and carriage ride, Obermeyer and Tanner consensually held hands and kissed.

15. During said horse and carriage ride, Obermeyer offered a substance to Tanner which Tanner accepted and ingested which Obermeyer stated was "ecstasy" (the "Substance").

16. At no time prior to Tanner's ingestion of the Substance, did Tanner consent to any type of sexual activity with Obermeyer other than holding hands and kissing.

17. At no time subsequent to Tanner's ingestion of the Substance, did Tanner consent to any type of sexual activity with Obermeyer other than holding hands and kissing.

18. At no time during any time whatsoever that Tanner was in the presence of Obermeyer did Tanner ever consent to any type of sexual activity with Obermeyer other than holding hands and kissing.

19. Sometime following Tanner's ingestion of the Substance, Tanner lost consciousness.

20. Sometime following Tanner's ingestion of the Substance, Tanner regained consciousness.

21. When Tanner regained consciousness, Tanner was disorientated, confused, lying in a bed, in a hotel room (the "Room"), completely naked, without any covering (i.e. blankets, sheets, etc.), cold, shivering, and terrified with soreness and wetness in Tanner's vaginal area consistent with recent penetration occurring during sexual intercourse.

22. When Tanner regained consciousness there were two males in the Room that were conversing and looking in the direction of the uncovered, naked, cold, shivering, and terrified Tanner.

THE BEAR FIRM P.C.·45 ROCKEFELLER CENTER·20TH FL·N.Y.·N.Y.·10111     SHELLEY TANNER VS. KLAUS OBERMEYER · INDEX #: 152624 / 2025

3 of 10

-4-

23. Obermeyer was one of said males, was in a state of undress and was in the process of putting clothing on.

24. Tanner inquired of Obermeyer, "What happened? Where am I?" to which Obermeyer replied, "I wasn't going to let an unconscious woman go to waste."

25. Tanner understood Obermeyer's statement of "I wasn't going to let an unconscious woman go to waste" to mean that while Tanner was rendered unconscious, helpless, and completely vulnerable, that Obermeyer raped and sexually assaulted Tanner without Tanner's consent by placing Obermeyer's penis in Tanner's vagina.

26. The wetness and soreness in Tanner's vaginal area further confirmed that Obermeyer raped and sexually assaulted Tanner while she was unconscious, helpless, and completely vulnerable and without Tanner's consent.

27. Upon hearing Obermeyer's statement confirming that Obermeyer had raped and sexually assaulted an unconscious Tanner, Tanner was immediately put into a state of confusion, shock, fear, sadness, vulnerability, anger, embarrassment and humiliation.

28. Upon hearing Obermeyer's statement confirming that Obermeyer had raped and sexually assaulted an unconscious Tanner, Tanner was immediately placed in fear that Tanner may have been impregnated by Obermeyer with Obermeyer's semen which could result in an unwanted pregnancy.

29. Upon hearing Obermeyer's statement confirming that Obermeyer had raped and sexually assaulted an unconscious Tanner, Tanner was immediately placed in fear that Tanner was exposed to and may have contracted sexually transmitted diseases from Obermeyer during Obermeyer's rape and sexual assault of Tanner.

THE BEAR FIRM P.C.·45 ROCKEFELLER CENTER·20TH FL·N.Y.·N.Y.·10111    SHELLEY TANNER VS. KLAUS OBERMEYER · INDEX #: 152624 / 2025

4 of 10

-5-

30. Immediately following Obermeyer's statement confirming that Obermeyer had raped and sexually assaulted an unconscious Tanner, the other male in the Room quickly fled the Room.

31. Obermeyer left the Room shortly after the other male fled the Room.

32. Tanner located her clothing, got dressed, and left the Room.

33. As a result of Obermeyer's conduct, Tanner was placed in fear of contracting sexually transmitted diseases from Obermeyer necessitating Tanner to undergo multiple uncomfortable, invasive, and humiliating exams and diagnostic testing for sexually transmitted diseases.

34. As a result of Obermeyer's conduct, Tanner was placed in fear of being made pregnant by Obermeyer necessitating Tanner to undergo multiple humiliating exams and diagnostic testing for pregnancy.

35. As a result of Obermeyer's conduct, Tanner suffered physical pain and suffering.

36. As a result of Obermeyer's conduct, Tanner suffered and still suffers from emotional and psychological pain and suffering including, but not limited to, anxiety, depression, panic attacks, and mood disorder.

37. As a result of Obermeyer's conduct, Tanner has participated in, and continues to participate in countless therapy sessions with doctors, therapists, and counselors for rape, sexual assault, trauma, post-traumatic stress disorder, and other psychological conditions and diseases caused by Obermeyer's nonconsensual rape and sexual assault of Tanner.

38. As a result of Obermeyer's conduct, Tanner suffered and still suffers embarrassment and humiliation.

THE BEAR FIRM P.C.·45 ROCKEFELLER CENTER·20TH FL·N.Y.·N.Y.·10111   SHELLEY TANNER VS. KLAUS OBERMEYER · INDEX #: 152624 / 2025

5 of 10

## AS AND FOR A FIRST CAUSE OF ACTION
### Count One - Battery

39. Plaintiff Tanner repeats, reiterates and realleges each and every allegation contained in paragraphs marked "1" through "38" as if more fully set forth herein at length.

40. Defendant Obermeyer committed battery against Tanner when Obermeyer forced Obermeyer's penis into Tanner's vagina repeatedly without Tanner's express or implied consent.

41. Obermeyer intentionally, and without Tanner's express or implied consent, sexually assaulted Tanner to satisfy Obermeyer's sexual desires.

42. Obermeyer's intentional, unwelcome, unwarranted, unwanted, and offensive physical touching of and contact with Tanner was offensive and wrong under all circumstances.

43. Obermeyer continued with Obermeyer's nonconsensual conduct despite Obermeyer's failure to first obtain the express or implied consent of Tanner.

44. The conduct of Obermeyer described above was willful, wanton, and malicious.

45. At all times relevant to this Complaint, Obermeyer acted with conscious disregard of Tanner's rights and feelings, acted with knowledge of or with reckless disregard for the fact that his conduct was certain to cause injury and/or humiliation to Tanner, and intended to cause fear, physical injury, and/or pain and suffering to Tanner. By virtue of the foregoing, Tanner is entitled to recover punitive and exemplary damages from Obermeyer according to proof at trial.

46. Obermeyer's conduct was the direct and proximate cause of Tanner's past and future substantial damages, including significant pain and suffering, lasting psychological and pecuniary harms, loss of dignity, and invasion of privacy.

47. Obermeyer's conduct violated New York Penal Law, including, but not limited to, sexual misconduct, criminal sexual act in the third degree, criminal sexual act in the second degree, forcible touching, sexual abuse in the third degree, and sexual abuse in the second degree.

-6-
THE BEAR FIRM P.C.·45 ROCKEFELLER CENTER·20TH FL·N.Y.·N.Y.·10111    SHELLEY TANNER VS. KLAUS OBERMEYER · INDEX #: 152624 / 2025

6 of 10

48.     Tanner's claim for battery is timely under the Victims of Gender-Motivated Violence Protection Law, New York City Administrative Code § 10-1101 et seq.

## AS AND FOR A SECOND CAUSE OF ACTION
### Count Two – Intentional Infliction of Emotional Distress

49.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked "1" through "38" as if more fully set forth herein at length.

50.     Obermeyer engaged in extreme and outrageous conduct when he raped and sexually assaulted Tanner without Tanner's consent.

51.     Obermeyer intended to cause, or disregarded the substantial probability of causing, Tanner severe emotional distress by raping and sexually assaulting her.

52.     Tanner has suffered, and continues to suffer present and future damages, including significant pain and suffering, lasting psychological and pecuniary harms, loss of dignity, and invasion of privacy.

53.     At all times relevant to this Complaint, Obermeyer acted with conscious disregard of Tanner's rights and feelings, acted with knowledge of or with reckless disregard for the fact that his conduct was certain to cause injury and/or humiliation to Tanner, and intended to cause fear, physical injury, and/or pain and suffering to Tanner.  By virtue of the foregoing, Tanner is entitled to recover punitive and exemplary damages from Obermeyer according to proof at trial.

54.     Tanner brings this claim as a civil claim, alleging intentional or negligent acts and offenses committed by Obermeyer as defined in Article 130 of the New York Penal Law, and Tanner's cause of action for Intentional Infliction of Emotional Distress is thus timely under the Victims of Gender-Motivated Violence Protection Law, New York City Administrative Code § 10-1101 et seq.

-7-
THE BEAR FIRM P.C.·45 ROCKEFELLER CENTER·20TH FL·N.Y.·N.Y.·10111    SHELLEY TANNER VS. KLAUS OBERMEYER · INDEX #: 152624 / 2025

7 of 10

## AS AND FOR A THIRD CAUSE OF ACTION
### Count Three – Gender-Motivated Violence

55. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked "1" through "38" as if more fully set forth herein at length.

56. New York City Administrative Code § 10-1104 provides an independent cause of action for plaintiffs who are injured by a party who enables, participates in, or conspires in the commission of a crime of violence motivated by gender.

57. Obermeyer committed a crime of violence when, without Tanner's express or implied consent, Obermeyer repeatedly forced Obermeyer's penis in and out of Tanner's vagina. These actions constitute a misdemeanor or felony as defined in the New York Penal Law, including, but not limited to, sexual misconduct, criminal sexual act in the third degree, criminal sexual act in the second degree, forcible touching, sexual abuse in the third degree, and sexual abuse in the second degree.

58. Obermeyer committed the conduct described herein against Tanner based on her gender or on the basis of her gender, and due, at least in part, to an animus based on her gender. Obermeyer's gender-based animus is demonstrated by Obermeyer's forceful rape and sexual acts against Tanner, who is a woman, and by Obermeyer's statement, "I wasn't going to let an unconscious woman go to waste" in which he further demonstrated that his unlawful and tortious acts committed against Tanner were motivated in whole or in part by Tanner's gender.

59. At all times relevant to this Complaint, Obermeyer acted with conscious disregard of Tanner's rights and feelings, acted with knowledge of or with reckless disregard for the fact that his conduct was certain to cause injury and/or humiliation to Tanner, and intended to cause fear, physical injury, and/or pain and suffering to Tanner. By virtue of the foregoing, Tanner is entitled to recover punitive and exemplary damages from Obermeyer according to proof at trial.

-8-
THE BEAR FIRM P.C.·45 ROCKEFELLER CENTER·20TH FL·N.Y.·N.Y.·10111      SHELLEY TANNER VS. KLAUS OBERMEYER · INDEX #: 152624 / 2025

8 of 10

60. Obermeyer's conduct during the rape and sexual assault of Tanner was the direct and proximate cause of Tanner's pain and suffering, lasting psychological and pecuniary harms, loss of dignity, and invasion of privacy.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff Shelley Tanner requests the following relief from Defendant Klaus Obermeyer:

a. A permanent injunction against Defendant Klaus Obermeyer, and any and all persons acting in concert with him, from utilizing, displaying, sharing, selling, transferring, publishing, profiting or viewing any photographic and/or video recording depicting Tanner in any way and/or depicting Obermeyer's rape and sexual assault of Tanner;

b. An award of damages to the Plaintiff, including compensatory damages and punitive damages, in an amount to be determined at trial;

c. An award of pre-judgment and post-judgment interest available under the law; and

d. Such other and further relief as the Court may deem just and proper.

-9-

THE BEAR FIRM P.C.·45 ROCKEFELLER CENTER·20TH FL·N.Y.·N.Y.·10111    SHELLEY TANNER VS. KLAUS OBERMEYER · INDEX #: 152624 / 2025

9 of 10

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues triable of right to a jury.

Dated: April 3, 2025

Respectfully submitted,

THE BEAR FIRM, P.C.

_____
By: Albert J. Santoro, Esq.

45 Rockefeller Plaza, 20th Floor
New York, NY 10111
Telephone:   (212) 970-1099
Email:       asantoro@bearfirm.law

Attorneys for Plaintiff, Shelley Tanner

-10-
THE BEAR FIRM P.C.·45 ROCKEFELLER CENTER·20TH FL·N.Y.·N.Y.·10111    SHELLEY TANNER VS. KLAUS OBERMEYER · INDEX #: 152624 / 2025

10 of 10