# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| SHELLEY TANNER, | : | Civil Action No. 25-cv-02869-JPC |
| | : | |
| Plaintiff, | : | **ANSWER AND DEFENSES** |
| | : | |
| v. | : | **JURY TRIAL DEMANDED** |
| | : | |
| KLAUS OBERMEYER, | : | |
| | : | |
| Defendant. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Defendant Klaus Obermeyer ("Obermeyer"), for his Answer and Defenses to the Complaint, dated April 3, 2025 (the "Complaint"), which was filed by Plaintiff Shelley ("Tanner"), hereby denies each and every allegation that is not specifically admitted and, unless otherwise stated, denies knowledge or information sufficient to form a belief as to the truth or falsity of any allegation concerning the acts or omissions of others, and states specifically as his response (the "Answer") with respect to each numbered paragraph of the Complaint as follows:

## RESPONSE TO PARTIES, JURISDICTION, AND VENUE

1. Denies the allegations in Paragraph 1 of the Complaint, except admits that Obermeyer is a film maker.

2. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 2 of the Complaint concerning Tanner, and on that basis denies those allegations.

3. Denies the allegation in paragraph 3 of the Complaint.

4.  Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 4 of the Complaint concerning Tanner's residence and place of employment, and on that basis denies those allegations.

5.  Admits the allegations in paragraph 5 of the Complaint.

6.  Denies the allegations in paragraph 6 of the Complaint, including that Tanner was sexually assaulted by Obermeyer anywhere.

7.  Paragraph 7 of the Complaint alleges legal conclusions for which no response is required, and on that basis Obermeyer denies those allegations. In further response, this action was removed by Obermeyer from the Supreme Court of the State of New York, County of New York, to this Court in the Southern District of New York, and Tanner has not contested removal.

8.  Paragraph 8 of the Complaint alleges legal conclusions for which no response is required, and on that basis (and otherwise) Obermeyer denies those allegations. In further response, this action was removed by Obermeyer from the Supreme Court of the State of New York, County of New York, to this Court in the Southern District of New York, and Tanner has not contested removal.

**TIMELINESS**

9.  Paragraph 9 of the Complaint alleges legal conclusions for which no response is required, and on that basis Obermeyer denies those allegations.

10. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 10 of the Complaint, and on that basis denies those allegations, except admits that Obermeyer was introduced to Tanner decades ago.

11. Denies the allegations in Paragraph 11 of the Complaint, except admits that Obermeyer met Tanner decades ago.

12. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 12 of the Complaint, and on that basis denies those allegations, except admits socializing with Tanner decades ago.

13. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 13 of the Complaint, and on that basis denies those allegations.

14. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 14 of the Complaint, and on that basis denies those allegations.

15. Denies the allegations in in paragraph 15 of the Complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 16 of the Complaint, and on that basis denies those allegations, except avers that any physical contact or touching between Tanner and Obermeyer at any time was consensual.

17. Denies the allegations in paragraph 17 of the Complaint and avers that any physical contact or touching between Tanner and Obermeyer at any time was consensual.

18. Denies the allegations in paragraph 18 of the Complaint and avers that any physical contact or touching between Tanner and Obermeyer at any time was consensual.

19. Denies the allegations in paragraph 19 of the Complaint, except admits that Tanner fell asleep at some point after socializing with Obermeyer.

20. Denies the allegations in paragraph 20 of the Complaint.

21. Denies the allegations in paragraph 21 of the Complaint and avers that any physical contact or touching between Tanner and Obermeyer at any time was consensual.

22. Denies the allegations in paragraph 22 of the Complaint and avers that any physical contact or touching between Tanner and Obermeyer at any time was consensual.

3

23. Denies the allegations in paragraph 23 of the Complaint and avers that any physical contact or touching between Tanner and Obermeyer was consensual.

24. Denies the allegations in paragraph 24 of the Complaint and avers that any physical contact or touching between Tanner and Obermeyer at any time was consensual.

25. Denies the allegations in paragraph 25 of the Complaint and avers that any physical contact or touching between Tanner and Obermeyer at any time was consensual.

26. Denies the allegations in paragraph 26 of the Complaint and avers that any physical contact or touching between Tanner and Obermeyer at any time was consensual.

27. Denies the allegations in paragraph 27 of the Complaint and avers that any physical contact or touching between Tanner and Obermeyer at any time was consensual.

28. Denies the allegations in paragraph 28 of the Complaint and avers that any physical contact or touching between Tanner and Obermeyer at any time was consensual.

29. Denies the allegations in paragraph 29 of the Complaint and avers that any physical contact or touching between Tanner and Obermeyer at any time was consensual.

30. Denies the allegations in paragraph 30 of the Complaint and avers that any physical contact or touching between Tanner and Obermeyer at any time was consensual.

31. Denies the allegations in paragraph 31 of the Complaint and avers that any physical contact or touching between Tanner and Obermeyer at any time was consensual.

32. Denies the allegations in paragraph 32 of the Complaint and avers that any physical contact or touching between Tanner and Obermeyer at any time was consensual.

33. Denies the allegations in paragraph 33 of the Complaint and avers that any physical contact or touching between Tanner and Obermeyer at any time was consensual, and denies knowledge or information sufficient to form a belief of the truth or falsity of the allegations

concerning (i) "exams and diagnostic testing" that Tanner allegedly underwent for any condition or ailment and (ii) her state of mind after any physical contact or touching between Tanner and Obermeyer at any time, which was consensual, and on that basis denies the allegations.

34. Denies the allegations in paragraph 34 of the Complaint and avers that any physical contact or touching between Tanner and Obermeyer was consensual, and denies knowledge or information sufficient to form a belief of the truth or falsity of the allegations concerning (i) "exams and diagnostic testing" that Tanner allegedly underwent for any condition or ailment and (ii) her state of mind after any physical contact or touching between Tanner and Obermeyer at any time, which was consensual, and on the basis denies the allegations.

35. Denies the allegations in paragraph 35 of the Complaint.

36. Denies the allegations in paragraph 36 of the Complaint.

37. Denies the allegations in paragraph 37 of the Complaint.

38. Denies the allegations in paragraph 38 of the Complaint.

## COUNT ONE - BATTERY

39. In response to paragraph 39 of the Complaint, Obermeyer repeats and realleges his responses to paragraphs 1 through 38 of this Answer as if set forth at length herein.

40. Paragraph 40 of the Complaint alleges legal conclusions for which no response is required, and on that basis denies the allegations, and he otherwise denies that he committed any unconsented contact or wrongful touching of Tanner at any time.

41. Paragraph 41 of the Complaint alleges legal conclusions for which no response is required, and on that basis denies the allegations, and he otherwise denies that he committed any unconsented contact or wrongful touching of Tanner at any time.

42. Denies the allegations in paragraph 42 of the Complaint.

43. Paragraph 43 of the Complaint alleges legal conclusions for which no response is required, and on that basis denies the allegations, and he otherwise denies that he committed any unconsented contact or wrongful touching of Tanner at any time.

44. Paragraph 44 of the Complaint alleges legal conclusions for which no response is required, and on that basis denies the allegations, and he otherwise denies that he committed any unconsented contact or wrongful touching of Tanner at any time.

45. Paragraph 45 of the Complaint alleges legal conclusions for which no response is required, and on that basis denies the allegations, and he otherwise denies that he committed any unconsented contact or wrongful touching of Tanner at any time.

46. Paragraph 46 of the Complaint alleges legal conclusions for which no response is required, and on that basis denies the allegations, and he otherwise denies that he committed any unconsented contact or wrongful touching of Tanner at any time.

47. Paragraph 47 of the Complaint alleges legal conclusions for which no response is required, and on that basis denies the allegations, and he otherwise denies that he committed any unconsented contact or wrongful touching of Tanner at any time.

48. Paragraph 48 of the Complaint alleges legal conclusions for which no response is required, and on that basis denies the allegations, and he otherwise denies that he committed any unconsented contact or wrongful touching of Tanner at any time.

## <u>COUNT TWO – IIED</u>

49. In response to paragraph 49 of the Complaint, Obermeyer repeats and realleges his responses to paragraphs 1 through 48 as if set forth at length herein.

50. Paragraph 50 of the Complaint alleges legal conclusions for which no response is required, and on that basis Obermeyer denies the allegations, and he otherwise denies that he committed any unconsented contact or wrongful touching of Tanner at any time.

51. Paragraph 51 of the Complaint alleges legal conclusions for which no response is required, and on that basis Obermeyer denies those allegations, and he otherwise denies that he committed any unconsented contact or wrongful touching of Tanner at any time.

52. Paragraph 52 of the Complaint alleges legal conclusions for which no response is required, and on that basis Obermeyer denies those allegations, and he otherwise denies that he committed any unconsented contact or wrongful touching of Tanner at any time.

53. Paragraph 53 of the Complaint alleges legal conclusions for which no response is required, and on that basis Obermeyer denies those allegations, and he otherwise denies that he committed any unconsented contact or wrongful touching of Tanner at any time.

54. Paragraph 54 of the Complaint alleges legal conclusions for which no response is required, and on that basis Obermeyer denies those allegations, and he otherwise denies that he committed any unconsented contact or wrongful touching of Tanner at any time.

## COUNT THREE – GENDER MOTIVATED VIOLENCE

55.  In response to paragraph 55 of the Complaint, Obermeyer repeats and realleges his responses to paragraphs 1 through 54 as if set forth at length herein.

56.  Paragraph 56 of the Complaint alleges legal conclusions for which no response is required, and on that basis Obermeyer denies those allegations, and he otherwise denies that he committed any unconsented contact or wrongful touching of Tanner at any time.

57.  Paragraph 57 of the Complaint alleges legal conclusions for which no response is required, and on that basis Obermeyer denies those allegations, and he otherwise denies that he committed any unconsented contact or wrongful touching of Tanner at any time.

58.  Paragraph 58 of the Complaint alleges legal conclusions for which no response is required, and on that basis Obermeyer denies those allegations, and he otherwise denies that he committed any unconsented contact or wrongful touching of Tanner at any time or made the statement alleged therein.

59.  Paragraph 59 of the Complaint alleges legal conclusions for which no response is required, and on that basis Obermeyer denies those allegations, and he otherwise denies that he committed any unconsented contact or wrongful touching of Tanner at any time.

60.  Paragraph 60 of the Complaint alleges legal conclusions for which no response is required, and on that basis Obermeyer denies those allegations, and he otherwise denies that he committed any unconsented contact or wrongful touching of Tanner at any time.

## **PRAYER FOR RELIEF**

Obermeyer denies that Tanner is entitled to any of the relief enumerated in subparagraphs (a) through (d) of the PRAYER FOR RELIEF.

## **FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

## **SECOND AFFIRMATIVE DEFENSE**

Tanner's claims are barred by the applicable statute of limitations.

## **THIRD AFFIRMATIVE DEFENSE**

Tanner's claims are barred by the doctrine of laches.

## FOURTH AFFIRMATIVE DEFENSE

Tanner's claims are barred by the doctrines of waiver and/or estoppel.

## FIFTH AFFIRMATIVE DEFENSE

Tanner has suffered no damages attributable to any alleged wrongful conduct, contact, or touching by Obermeyer.

## SIXTH AFFIRMATIVE DEFENSE

If Tanner suffered any injuries or damages, then such injuries or damages were the result of acts or misconduct of third parties over which Obermeyer has no responsibility or control. Any damage, loss, or liability sustained by Tanner must be reduced, diminished, and/or barred in proportion to the wrongful or negligent conduct of persons or entities other than Obermeyer under the principles of equitable allocation, set-off, proportionate responsibility, and comparative fault.

## SEVENTH AFFIRMATIVE DEFENSE

Tanner's claims are barred to the extent that the provisions of the New York City Victims of Gender-Motivated Violence Protection Law violates the New York State Constitution and/or the United States Constitution, including, without limitation, under the Due Process Clause.

## EIGHTH AFFIRMATIVE DEFENSE

Tanner's claims are barred under the doctrine of unclean hands.

## NINTH AFFIRMATIVE DEFENSE

Tanner's claims are barred by her failure to mitigate her damages.

## TENTH AFFIRMATIVE DEFENSE

Tanner is not entitled to recover any punitive damages because Defendant did not engage in any wrongful conduct, contact or touching – let alone conduct with malice or reckless disregard for her rights.

## RESERVATION OF RIGHTS

Obermeyer reserves the right to allege additional defenses after conducting further investigation and/or discovery into the claims alleged in this action.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Obermeyer requests a trial by jury on all issues so triable.

**WHEREFORE**, Obermeyer respectfully requests that the Court enter judgment as follows:

(a) Dismissing the Complaint with prejudice in all respects;

(b) Interest, attorney's fees, costs, and disbursements, as permitted by contract, law, or statute; and

(c) Such other and further relief as the Court deems just and proper.

Dated: July 21, 2025
New York, New York

JONATHAN D. DAVIS, P.C.


By: /s/ *Jonathan D. Davis*
Jonathan D. Davis
Colin J. Steelsmith
David J. Russell
1 Rockefeller Plaza, Suite 1712
New York, New York 10020
(212) 687-5464
jdd@jddavispc.com

cjs@jddavispc.com
dcr@jddavispc.com

- and -

Gregory P. Korn
Katherine T. Kleindienst
Kinsella Holley Iser Kump Steinsapir LLP
(Admitted *Pro Hac Vice*)
11766 Wilshire Boulevard, Suite 750
Los Angeles, California 90025
(310) 566-9800
GKorn@khiks.com
KKleindienst@khiks.com

*Co-Attorneys for Defendant Klaus Obermeyer*